**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ERNEST MCFAIL,** | ) | |
| **ID # 1646735,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:11-CV-3515-D (BH)** |
| | ) | |
| **RICK THALER, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order 3-251, this case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DENIED** with prejudice.

## I.  BACKGROUND

On August 31, 2011, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction for delivery of a controlled substance in cause number 26,139. Respondent is Rick Thaler, Director of TDCJ-CID.

### A.  Factual History

On November 13, 2009, the State indicted petitioner for delivery of cocaine by actual or constructive transfer to a confidential informant on or about April 7, 2009. (Clerk's Record ("C.R."):7). He pleaded not guilty and was tried before a jury on April 12-14, 2010 in Cause No. 26139 in the 354th Judicial District Court of Hunt County. (C.R.:5-6). The state appellate court recounted the evidence presented at trial as follows:

> McFail was trapped in the controlled drug purchase by the Greenville Police Department and Drug Enforcement Administration (DEA), aided by Ronnie Baucom, a recent arrestee turned confidential informant. Knowing he could purchase crack cocaine

from McFail, Baucom carried out a plan in which he would call McFail from a pay telephone to "tell Fly what he needed and Fly would meet him at McDonald's."  The trap was set.

As part of the plan, Baucom drove his vehicle to a designated meeting place arranged by the officers.  The officers' search of Baucom and his vehicle did not yield drugs.  They outfitted Baucom with video surveillance equipment and gave him $100.00 to purchase crack cocaine.  While officers watched and listened, Baucom drove to a pay telephone at a local filling station, called McFail, and arranged to meet him in the McDonald's parking lot.  After several minutes, a sports utility vehicle (SUV) with tinted windows parked beside Baucom's vehicle in the McDonald's parking lot.  Baucom stepped out of his vehicle and into the back seat of the SUV, which McFail was driving.  The video showed Baucom handing money to McFail, McFail passing an object to Baucom, and Baucom exiting the SUV.  Due to the video camera's position, the actual crack cocaine was not recorded.  Baucom testified, "I handed him some money; he handed me some crack."  DEA officer Robert P. Binder testified that "drugs were exchanged."  After Baucom entered the security of his vehicle, he relayed to officers that he had received "two quarters and five dimes" of crack cocaine.  Baucom drove back to the designated meeting place and transferred "off-white, rock-like substance[s]" to the DEA officers.  The net amount of crack cocaine totaled 1.3 grams.

*McFail v. State*, 2010 WL 5072205, No. 06-10-00104-CR, slip op. at *1 (Tex. App.–Dallas, Dec. 14, 2010, pet. ref'd).  The jury found petitioner guilty and, after petitioner pled guilty to two enhancement paragraphs, sentenced him to life imprisonment. (C.R.:107).

## B. **Procedural History**

On direct appeal, petitioner alleged that the evidence was legally sufficient to support his conviction.. Petitioner's conviction was affirmed on direct appeal, and his petition for discretionary review was refused on February 16, 2011.  *See* PD-0123-11.  Petitioner filed a state habeas application on April 18, 2011, in which he alleged that he was actually innocent because there was no evidence to support his conviction. (State Habeas Transcript[S.H.Tr.] at 8-11). On June 15, 2011,

2

the Texas Court of Criminal Appeals denied his state writ without written order. *Id.* at cover.

On August 31, 2011, petitioner filed a petition for federal habeas relief asserting that there is no evidence to support his conviction. Respondent filed a response on April 17, 2012, and provided the state court records. Petitioner filed a reply brief on April 30, 2012.

## II.  APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). In this case, the denial of petitioner's PDR constitutes an adjudication on the merits of the claim fairly presented to the Texas Court of Criminal Appeals.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

4

### III.  SUFFICIENCY OF THE EVIDENCE

In his sole ground for relief, petitioner alleges that he is "actually innocent" because there is no evidence to support his conviction for delivery of cocaine. (Pet. at 7).

A claim that "no evidence" supports a conviction is the same as a challenge to the legal sufficiency of the evidence. *See Haley v. Cockrell*, 306 F.3d 257, 266-67 (5th Cir. 2002) (noting that a claim of "no evidence" is the same as a claim of insufficiency of the evidence), *vacated on other grounds*, 541 U.S. 386 (2004); *United States v. Jackson*, 86 Fed. App'x 722, 722 (5th Cir. 2004) (per curiam) (applying insufficiency-of-the-evidence analysis to claim of "no evidence").

"A criminal defendant has a federal due process right to be convicted only upon evidence that is sufficient to prove beyond a reasonable doubt the existence of every element of the offense." *Foy v. Donnelly*, 959 F.2d 1307, 1313 (5th Cir. 1992).  Federal courts have extremely limited habeas review of claims based on the sufficiency of the evidence, and the standard for reviewing such claims is supplied by *Jackson v. Virginia*, 443 U.S. 307 (1979).  In *Jackson v. Virginia,* the United States Supreme Court held that the correct standard of review when a state prisoner challenges the sufficiency of the evidence in a federal habeas corpus proceeding is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 320.  Moreover, the trier of fact has the responsibility of weighing the evidence, resolving conflicts in testimony, and drawing reasonable inferences from basic facts to ultimate facts. *Id.*

Further, under *Jackson*, "the assessment of the credibility of witnesses is generally beyond the scope of review."  *Schlup v. Delo*, 513 U.S. 298, 330 (1995).  "Determining the weight and credibility of the evidence is within the sole province of the jury."  *United States v. Martinez*, 975

5

F.2d 159, 161 (5th Cir. 1992). Courts view "any required credibility determinations in the light most favorable to the guilty verdict." *United States v. Wise*, 221 F.3d 140, 154 (5th Cir. 2000). They do not "second-guess[] the weight or credibility given the evidence." *United States v. Ramos-Garcia*, 184 F.3d 463, 465 (5th Cir. 1999). The *Jackson* standard applies whether the evidence is direct or circumstantial. *United States v. Scott*, 159 F.3d 916, 920 (5th Cir. 1998).

Petitioner asserts that the evidence is insufficient to support his conviction because the confidential informant's testimony was not credible, as he had been in possession of drugs himself in the past. He also asserts that the evidence is not sufficient because the video does not show petitioner actually handing cocaine to the informant and the officers monitoring the scene did not witness cocaine changing hands, and because it is possible that the informant hid the cocaine in the pay phone he used to call petitioner. (Pet. at 10; Mem. at 4, 6).

Both the informant and the officer who initially arrested him for possession of cocaine testified that it was after this arrest that the informant agreed to assist the police in identifying the source of crack cocaine in Hunt County. (R. 5:21-23, 87-90). According to the trial testimony, officers with the Greenville City police department met with the confidential informant on April 7, 2009, searched him and his car to make sure there was no contraband, gave him $100 to purchase crack cocaine, placed audio and video recording equipment on both the informant and in his car, and then conducted surveillance on the informant's meeting with petitioner. (R. 5:26-27, 31-32, 52, 54, 57, 81-82). The informant was observed calling petitioner from a pay phone and then walking across the street to a McDonald's, where he met with petitioner. (R. 5:82-3). The recording of the purchase was placed into evidence at trial. (R. 5:96). The informant testified at trial that he called petitioner, met petitioner at a McDonald's, got in petitioner's car, handed petitioner money, and

receiving crack cocaine from petitioner. (R. 5:92). A forensic chemist testified as to the chemical composition and weight of the cocaine petitioner sold. (R. 5:109-110). A second police officer also testified that the informant in this case had an agreement with the police to make a minimum of felony cases and agree to testify in the cases if called. Because the informant complied, the charge against him for possession of cocaine was never filed. (R. 5:47-48).

As the fact-finder, the jury was responsible for weighing the credibility of the evidence and resolving conflicts in testimony. This Court cannot substitute its view of the evidence for that of the fact-finder. *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985). Viewed in the light most favorable to the prosecution, there was sufficient evidence presented at trial through the testimony of the police officers and the informant from which any rational trier of fact could have found the essential elements of murder beyond a reasonable doubt. Therefore, the state court's denial of petitioner's legal sufficiency argument on direct appeal is not an unreasonable application of the *Jackson* standard. Petitioner is not entitled to relief on this ground, and it should be denied.[1]

## IV. EVIDENTIARY HEARING

Upon review of the pleadings filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

---

[1] Petitioner's sole ground for relief is a "no evidence," or legal sufficiency claim, based on the record from the trial. However, even were this Court to consider his claim to be a claim of actual innocence, as he asserts, it is without merit. Both the Supreme Court and the Fifth Circuit have held that a stand-alone claim of actual innocence is not a ground for habeas relief. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000). Furthermore, in *Herrera*, the Supreme Court stated that, even if "truly persuasive" showing of actual innocence would warrant federal habeas relief, the threshold for such a claim would be "extraordinarily high." *Id.* at 417. Petitioner has not met the high threshold required to establish a claim of actual innocence.

## V.  RECOMMENDATION

The request for habeas corpus relief pursuant to 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SIGNED on this 4th day of September, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE